IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTINE LEECH,

       Plaintiff,                           Civil Action No.   2:23-CV-871

vs.

WAL-MART STORES EAST, LP i.d.b.a
WALMART SUPERCENTERS #2588,

       Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

AND NOW, comes the Defendant, Wal-Mart Stores East, LP i/d/b/a Walmart Supercenters #2588 (hereinafter referred to as "Wal-Mart") by and through its counsel, CHRISTOPHER T. YOSKOSKY, ESQUIRE, KERRI SHIMBORSKE-ABEL, ESQUIRE and ZIMMER KUNZ, PLLC and files the following Answer and Affirmative Defenses to Plaintiff's Complaint and in support thereof avers as follows:

    1.    After reasonable investigation Wal-Mart is without sufficient or information to form a belief as to the truth of the averments contained in this Paragraph of Plaintiff's Complaint and the same are therefore deemed to be denied with strict proof thereof demanded.

    2.    To the extent this paragraph of Plaintiff's Complaint contains conclusions of law, no response is required.   In regard to the remaining averments, Wal-Mart has a registered office located at CT Corporation System in Allegheny County, Pennsylvania.

    3.    To the extent this paragraph of Plaintiff's Complaint contains conclusions of law, no response is required.   To the extent a response is required, all averments are denied as stated with strict proof demanded.   By way of further response, Wal-Mart operated a store located at 100 Walmart Drive, North Versailles, Allegheny County, Pennsylvania pursuant to a lease agreement.

The lease agreement will be provided after execution of a non-disclosure agreement related to same.

4. To the extent this paragraph of Plaintiff's Complaint contains conclusions of law, no response is required. To the extent a response is required, all averments are denied as stated with strict proof demanded. By way of further response, Wal-Mart operated a store located at 100 Walmart Drive, North Versailles, Allegheny County, Pennsylvania pursuant to a lease agreement. The lease agreement will be provided after execution of a non-disclosure agreement related to same.

5. To the extent this paragraph of Plaintiff's Complaint contains conclusions of law, no response is required. To the extent a response is required, all other averments are denied as stated with strict proof demanded.

6. To the extent this paragraph of Plaintiff's Complaint contains conclusions of law, no response is required. To the extent a response is required, all other averments are denied as stated with strict proof demanded.

7. To the extent this paragraph of Plaintiff's Complaint contains conclusions of law, no response is required. To the extent a response is required, all other averments are denied as stated with strict proof demanded.

8. To the extent this paragraph of Plaintiff's Complaint contains conclusions of law, no response is required. To the extent a response is required, all other averments are denied as stated with strict proof demanded.

9. This paragraph of Plaintiff's Complaint contains conclusions of law which are deemed denied, as to which no response is required. To the extent a response is required, Wal-Mart denies the same with strict proof demanded. With regard to Plaintiff's alleged injuries, after reasonable investigation, Wal-Mart is without sufficient knowledge or information to form a belief

as to the truth of the averments contained in this paragraph of Plaintiff's Complaint, and the same are therefore deemed to be denied with strict proof demanded.

10. This paragraph of Plaintiff's Complaint contains conclusions of law and deemed denied, as to which no response is required.  To the extent a response is required, Wal-Mart denies the same with strict proof demanded.  With regard to Plaintiff's alleged injuries, after reasonable investigation, Wal-Mart is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph of Plaintiff's Complaint, and the same are therefore deemed to be denied with strict proof demanded.

11. This paragraph of Plaintiff's Complaint contains conclusions of law which are deemed denied and strict proof is demanded thereof.  To the extent a response is required, Wal-Mart denies the same with strict proof demanded.

12. This paragraph of Plaintiff's Complaint contains conclusions of law which are deemed denied and strict proof is demanded thereof.  To the extent a response is required, Wal-Mart denies the same with strict proof demanded.

13. This paragraph of Plaintiff's Complaint contains conclusions of law which are deemed denied and strict proof is demanded thereof.  To the extent a response is required, Wal-Mart denies the same with strict proof demanded.

WHEREFORE, Defendant, Walmart Stores East, LP i/d/b/a Walmart Supercenter #2588 demand judgment be entered in its favor with costs on its behalf sustained and any other relief this Honorable Court deems appropriate.

## FIRST AFFIRMATIVE DEFENSE

14. Wal-Mart incorporates the previous Paragraphs of this answer and Affirmative Defenses as if the same are set forth herein at length.

## SECOND AFFIRMATIVE DEFENSE

15. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

16. Wal-Mart denies that any act or omission on its behalf caused or contributed to the incident or damages complained of in Plaintiff's Complaint.

## FOURTH AFFIRMATIVE DEFENSE

17. To the extent that discovery should reveal, Wal-Mart reserves the right to assert the Plaintiff's failure to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

18. To the extent that discovery should reveal, Wal-Mart reserves the right to assert the comparative fault of Plaintiff to reduce and/or bar her claims.

## SIXTH AFFIRMATIVE DEFENSE

19. To the extent that discovery should reveal, Wal-Mart reserves the right to assert that the Plaintiff assumed the risk of her injuries.

## SEVENTH AFFIRMATIVE DEFENSE

20. To the extent that discovery should reveal, Wal-Mart reserves the right to assert that the Plaintiff 's injuries pre-existed the accident in question in whole or in part.

## EIGHTH AFFIRMATIVE DEFENSE

21. Should the extent discovery should reveal, Wal-Mart sets forth as an Affirmative Defense the doctrine of superseding and/or intervening cause.

## NINTH AFFIRMATIVE DEFENSE

22. To the extent should reveal, Wal-Mart sets forth as an Affirmative Defense lack of actual or constructive notice.

## TENTH AFFIRMATIVE DEFENSE

23. To the extent that discovery shall reveal, Wal-Mart sets forth as an Affirmative Defense the open and obvious doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

24. Any medical bills incurred by Plaintiff be reduced in accordance with Pennsylvania Law to those amounts actually paid by the Plaintiff or on the Plaintiff's behalf.

## TWELFTH AFFIRMATIVE DEFENSE

25. To the extent that discovery should so reveal, Wal-Mart reserves the right to assert that any rights of the Plaintiff to recover against it are barred by the appliable statutes of limitations, statute of repose and/or other similar statutes and provisions including waiver, estoppel and laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

26. Wal-Mart reserves the right to amend, modify or supplement its Affirmative Defenses if any additional defenses become known.

WHEREFORE, Defendant, Walmart Stores East, LP i/d/b/a Walmart Supercenter #2588 demand judgment be entered in its favor with costs on its behalf sustained and any other relief this Honorable Court deems appropriate.

**A Jury is Demanded With Twelve (12) Jurors in This Matter by Defendant.**

02518256.DOCX 9298-0002

        Respectfully submitted,

        ZIMMER KUNZ, PLLC

/s/ *Christopher T. Yoskosky*
   Christopher T. Yoskosky
   Pa. I.D. #76685

/s/ *Kerri Shimborske-Abel*
   Kerri Shimborske-Abel
   Pa. I.D. # 93011

132 South Main Street, Suite 400
Greensburg, PA  15601
(724) 836-5400
(724) 836-5149 (fax)
Counsel for Walmart Stores East, LP i/d/b/a Walmart Supercenter #2588

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this <u>2nd</u> day of June, 2023, served a true and correct copy of the foregoing Answer and Affirmative Defenses on all counsel of record via ECF filing with the United States District Court for the Western District of Pennsylvania.

                      Respectfully submitted,

                      ZIMMER KUNZ, PLLC

/s/    *Christopher T. Yoskosky*
       Christopher T. Yoskosky
       Pa. I.D. #

/s/    *Kerri Shimborske-Abel*
       Kerri Shimborske-Abel
       Pa. I.D. # 93011

132 South Main Street, Suite 400
Greensburg, PA  15601
(724) 836-5400
(724) 836-5149 (fax)
Counsel for Walmart Stores East, LP i/d/b/a Walmart Supercenter #2588